**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY KING** | : | **CIVIL ACTION** |
| **v.** | : | |
| **C.F.C.F. WARDEN MICHELLE FARRELL** | : | **NO. 16-2565** |

**MITCHELL S. GOLDBERG, J.** **DECEMBER 9, 2016**

**MEMORANDUM**

## I. Factual Background

*Pro Se* plaintiff Corey King filed this action on May 24, 2016, asserting claims under 42 U.S.C. § 1983, and motion to proceed *in forma paueris* (IFP). (Doc No. 1). Through an order dated June 1, 2016, the court advised plaintiff that if IFP status was granted, he would still be obligated to pay the full $350 filing fee in installments, even if the action was dismissed. (Doc No. 2). Plaintiff was instructed to file a notice with the court by or before July 1, 2016 stating that he wished to proceed with this action and obligate himself to pay the filing fee. Nothing was filed in response. Through a second order dated October 4, 2016 the court again instructed plaintiff to file a notice stating he wished to proceed with this action and obligate himself to pay the filing fee in installments. (Doc No. 4). He was given until October 31, 2016 to comply with the second order, and was advised that failure to comply may result in dismissal of this action. Plaintiff has not communicated with the court in any manner since he filed this action on May 24, 2016.

For the reasons described below, plaintiff's action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## II. Legal Framework and Analysis

The court has inherent power to dismiss an action *sua sponte* if a litigant fails to prosecute a case or to comply with a court order. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). However, before dismissal of an action, the court must balance the six factors outlined

in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

*Semulka v. Doe*, 373 F. App'x 138 (3d Cir. 2010) (per curiam) confirms that a *Poulis* analysis is necessary. In *Semulka*, the plaintiff failed to file the amended complaint as ordered by the District Court, and his action was dismissed *sua sponte* under Rule 41(b) based on this failure to comply. The court did so without ever ruling on plaintiff's IFP request. The Third Circuit held that it was error for the District Court to dismiss the complaint *sua sponte* without considering the *Poulis* factors. *Semulka*, 373 F. App'x at 140-41; *see also Shelley v. Patrick*, 361 F. App'x 299, 301 n. 5 (3d Cir. 2010) (per curiam) (holding that the District Court erred when it denied IFP and dismissed complaint without prejudice for failure to prosecute; "Even if the District Court's denial of IFP had been proper, dismissing [plaintiff's] complaint for failure to prosecute would have been error. . . the District Court is required to make explicit findings regarding the six factors enumerated in *Poulis*. . .").

While the case before me has a different procedural posture, like *Semulka* the plaintiff has failed to comply with a court directive. As noted above, the court has twice ordered plaintiff to file a notice confirming his intent to continue the action and to acknowledge that if IFP is granted, he will be obligated to pay the filing fees. Plaintiff has ignored these orders, as he has failed to notify the court or otherwise indicate an intent to continue with his lawsuit.

After considering the *Poulis* factors, I conclude that they weigh in favor of dismissal. Each is discussed in turn.

**1. The Extent of the Party's Responsibility**

Plaintiff has been advised of his obligations to comply with court orders on two occasions. He was also twice warned that failure to comply with court orders may result in the action being dismissed. There is no indication from the docket that plaintiff did not receive the court's communications. No mail has been returned as undeliverable and no change of address has been filed. Because the record before me reflects that plaintiff received the orders dated June 1, 2016 and October 4, 2016, instructing him to file a notice of intent to proceed with the court, the responsibility was on plaintiff to notify the court by or before the deadline stated in each order. His failure to do so indicates a lack of intent to proceed.

**2. Prejudice to the Adversary**

Plaintiff's failure to comply with court corders has not created prejudice to the defendants because the complaint has not yet been filed of record, and summonses have not yet issued.

**3. History of Dilatoriness; and 4. Willful or Bad Faith Conduct**

Plaintiff was repeatedly advised that a grant of IFP status would obligate him to pay the full filing fee, and he was warned that failure to comply with court orders may result in dismissal. He had sufficient information available to him to make a decision regarding continuing with this action IFP, and was twice instructed to notify the court in order to proceed. In both instances, plaintiff failed to respond to the court's order in any manner. Nor has he communicated at all with the court to indicate an intent to continue pursuing this action.

**5. Effectiveness of Sanctions Other than Dismissal**

The alternative to dismissing this action would be for the court to rule on plaintiff's IFP motion and, if appropriate, file the complaint and issue summonses. But plaintiff was told he needs to communicate with the court to confirm his intent to proceed *prior to* the court granting IFP status. A grant of IFP status would obligate plaintiff to pay the full filing fee, and by his inaction he has indicated to the

court that he does not wish to proceed and incur that obligation.

In this case, there is no alternative sanction available, and dismissal of this action will not bar plaintiff's access to the courts. If plaintiff seeks to prosecute this action, he may, in accordance with Federal Rule of Civil Procedure 59(e), file a motion for reconsideration within twenty-eight (28) days after entry of the court's dismissal order. If plaintiff files such a motion indicating his intent to proceed, IFP status will be determined at that time and plaintiff will be obligated to pay the filing fee in installments if he is granted leave to proceed IFP.

**6. Meritoriousness of the Claim**

This factor is not applicable. The District court must first "[evaluate] a litigant's financial status and whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)" before assessing the merits of the complaint. *Semulka*, 373 F. App'x. at 140 (quoting *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The merits of the complaint may not be a factor in assessing IFP status. *See Crawford v. Frimel*, 197 F. App'x 144, 147 (3d Cir. 2006) (IFP cannot be denied for reasons other than financial ineligibility); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (district court's decision whether to grant IFP is based solely on the economic eligibility of the petitioner). Because the court has not yet granted IFP, the complaint has not been filed and the merits of the complaint should not be considered.

**III. Conclusion**

Having considered the six *Poulis* factors, this action is dismissed without prejudice. In the event that plaintiff decides he wants to continue with his complaint and IFP application, he may file a motion for reconsideration in accordance with Federal Rule of Civil Procedure 59(e). An appropriate Order follows.